The Honorable Thomas M. Carpenter City Attorney 500 W. Markham St. Little Rock, Arkansas 72201-1400
Dear Mr. Carpenter:
This is in response to your request for my review, pursuant to A.C.A. §25-20-104 (Supp. 1995), of "Interlocal Agreements" between the City of Little Rock and (1) North Little Rock, (2) Lonoke, (3) Sheridan, (4) Pulaski County, and (5) Grant County. The agreements involve the extension of the services provided by Metropolitan Emergency Medical Services (MEMS) to these cities and counties. It is my opinion that my approval of the submitted agreements is not required.
The agreements with the cities of North Little Rock, Lonoke, and Sheridan are virtually identical to agreements discussed in Op. Att'y Gen. No.94-240, which I am enclosing for your review. In that opinion, I concluded that you were not required to obtain my approval under A.C.A. § 25-20-104. Similarly, the agreements now presented appear to be more in the nature of a contract as authorized in A.C.A. § 25-20-108 (1987), rather than an agreement for a joint or cooperative undertaking within the meaning of the Interlocal Cooperation Act. The Interlocal Cooperation Act contemplates the joint exercise of governmental powers, privileges, or authority through cooperative action in order to make the most efficient use of those powers. See Op. Att'y Gen. No. 92-180. However, A.C.A. § 25-20-108(a) authorizes public agencies to contract with one another "to perform any governmental service, activity, or undertaking which each of the public agencies entering into the contract is authorized by law to perform alone. . . ." Thus, § 25-20-108 specifically contemplates contracts for services between public agencies, and my approval of such contracts is not required. See Op. Att'y Gen. No.92-180.
The agreements with Pulaski County and Grant County are virtually identical to the agreements with North Little Rock, Lonoke, and Sheridan; however, the agreements involving the counties specify that they are being entered into pursuant to both A.C.A. § 25-20-102 et seq.
and A.C.A. § 14-14-910. As previously discussed, it is my opinion that you are not required to obtain my approval under A.C.A. § 25-20-104. Further, A.C.A. § 14-14-910 (1987) authorizes counties to enter into "Interlocal Agreements," and subsection (e) requires my approval with respect to "[e]very agreement including a state or a state agency." It does not appear that the state or a state agency is a party to the agreements at issue; therefore, my approval is unnecessary. See Op. Att'y Gen. No. 96-274.
It should, however, be noted that this office has issued previous opinions regarding the question of whether a county has the authority to issue an exclusive franchise to an ambulance service within the territorial boundaries of the county. See Op. Att'y Gen. Nos. 96-236, 95-311, and 87-474. In those opinions, which I am enclosing for your review, it was opined that a county's award of an exclusive franchise to provide non-emergency ambulance services would in all likelihood be in violation of federal antitrust law. You may wish to review the agreements with Pulaski County and Grant County and any pertinent ordinances in light of this information.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh